## FULLERTON *vs.* DALTON.

Where the minds of the parties to a contract do not meet upon the whole and exact terms of such contract, the same is void.

Whatever is done between the parties, under a supposed agreement, where there is a mutual misunderstanding as to its terms, is not binding; and though both parties consent, at the time, to the delivery of a portion of the property agreed to be sold, each supposing that such delivery and acceptance is to be a part performance of the contract, and that the purchaser will only become the absolute owner when the whole contract shall have been performed, the law will not imply that either of the parties intended that the property delivered was to be absolutely the purchaser's in case he failed to comply with the whole agreement.

Where one is in possession of property with no other claim of title thereto than a partial or conditional one, as purchaser under a void contract of sale, which each party refuses to perform, except according to his own understanding of its terms, the title of the property is not changed, and the vendor is entitled to recover such property, upon legal demand made.

After demand of such property is made, the purchaser is wrongfully in possession; and his use of the property, afterwards, is a conversion thereof to his own use.

If the complaint in an action to recover the possession of personal property, states facts sufficient to show that in law the defendant's holding of the property is unlawful, that is sufficient; especially after judgment.

The omission to allege, in the complaint, a demand of the property before suit brought, is cured by proof of the fact, by the report of the referee, finding the fact of a demand, and by the judgment.

When the parties go down to trial, and a cause of action is proved, though the complaint may be defective, tested merely as a pleading, upon demurrer, it is the duty of the referee, or a court, to conform the pleading to the facts proved, in furtherance of justice; and, after judgment, if it be entered according to a case duly proved, it is the duty of the court to amend, or to regard the pleading as duly amended.

THIS is an appeal from a judgment entered upon the report of a sole referee. The action is in the nature of trover, for the value of a horse. The report of the referee was in favor of the plaintiff, and the facts and conclusions of law were as follows:

1. That on or about the 15th day of September, 1869, the plaintiff and defendant entered into certain negotiations for the sale by the plaintiff to the defendant, of cer-

Fullerton *v.* Dalton.

tain real estate and personal property of the plaintiff, of which personal property, the horse mentioned in the complaint was a part, and both plaintiff and defendant then and there supposed they had mutually and fully agreed upon all the terms and conditions of a contract of sale of the said real and personal property, but in fact both misunderstood, and understood differently, such terms and conditions, and the same was never reduced to writing or subscribed by either party thereto.

2d. That the plaintiff understood that by the terms and conditions of said supposed contract, he was to sell and convey to the defendant the said real estate for the sum of $5700, and the said personal property for an additional sum equal to the fair value thereof, which was not named; but the defendant understood thereby that the plaintiff was to sell and convey to him both the said real and personal property for the sum of $6000, without any separate price or consideration being named for the said personal property.

3d. That by the undisputed terms of the said supposed contract the said real estate and personal property were to be conveyed to the defendant on the 1st day of April, 1870, when the consideration therefor was to be paid by the defendant.

4th. That both the plaintiff and defendant then, and up to January 6, 1870, were ready and willing to perform and fulfill the said supposed contract, each according to his respective understanding of its terms and conditions, and the defendant on the 1st day of April, 1870, expressly offered so to do on his part, which offer the plaintiff refused to accept.

5th. That in pursuance of said supposed contract, and the respective understandings of the parties in relation thereto, the plaintiff, on or about the 20th day of September, 1869, delivered to the defendant the horse mentioned in the complaint, and the defendant then and there ac-

cepted the same, each supposing such delivery and acceptance to be a part performance of the said supposed contract, and that the defendant would thereafter be the owner of the same if he fully performed the terms and conditions of the said supposed contract, and the said horse, ever since, has been in the possession of the defendant.

6th. That thereafter, and on or about December 22, 1869, the plaintiff and defendant discovered their misunderstanding of the terms and conditions of the said supposed contract, and each refused to perform the same according to the other's understanding thereof; and on or about the 6th day of January, 1870, the plaintiff demanded from the defendant the horse mentioned in the complaint, which the defendant refused to deliver to him.

7th. That the value of said horse was $175.

From which facts the referee found the following conclusions of law:

1st. That the said negotiations or supposed contract did not, in fact, amount to any contract between the parties.

2d. That on the 6th day of January, 1870, the plaintiff was entitled to the possession of the horse mentioned in the complaint, and that on that day the defendant unlawfully converted the same to his own use.

3d. That the plaintiff is entitled to recover from the defendant in this action, the sum of $175, together with the interest thereon from January 6, 1870, amounting to $181.16, besides costs of this action; for which sum judgment was directed to be entered.

The defendant excepted to these findings of fact and conclusions of law, and appealed from the judgment to this court.

*G. H. Lee,* for the plaintiff.

*I. C. Ormsby,* for the defendant.

Fullerton *v.* Dalton.

*By the Court,* POTTER, J.   On a careful examination of the evidence, I think the referee was justified in his findings of fact.   The defendant's possession of the horse in question was under and by virtue of a contract for the purchase of both real and personal property, resting in parol only.   This contract was never performed, nor partly performed, except to the extent of the defendant's taking possession of the horse in question, which was a part of, and included in, the parol contract.   This contract being for the sale of real estate, and also for the sale of personal property of the value of above $50, without any writing, or written memorandum, subscribed by the vendor, or vendee, was void at law.   But the contract (if such it should be called) was void for another reason; or rather, was void because it was no contract; the minds of the parties never met upon the whole and exact terms of the contract itself.   This not only appears from the referee's report, but from the evidence.   It is hardly necessary to cite authority to this proposition.   And it follows that whatever is done between the parties under a supposed agreement, when there is mutual misunderstanding, is not binding; and though both parties consented, at the time, to the delivery of the horse in question from the plaintiff to the defendant, each supposing that such delivery and acceptance was to be a part performance of the supposed contract, and that the defendant would only become the absolute owner when the whole contract should be performed, yet the referee does not find, nor will the law imply, that either of the parties intended that the horse was to be absolutely the defendant's in case he did not comply with the whole agreement.   There was no oral agreement, even for a forfeiture of the horse; or of anything else.   And the defendant showed no other claim or title to the horse than that of a partial and conditional one, under a void contract.   Being in such possesion, with only such title, each party refusing to perform,

except according to his own understanding of the terms of a void contract, the title of the horse had never changed, and the plaintiff was entitled to his property upon legal demand; and after such demand the defendant was wrongfully in possession, and his use of the horse afterwards was a conversion of the plaintiff's property, to his own use. Though the plaintiff in his testimony did characterize the letting the defendant have the horse as a lending to him, the facts show, as does the referee's report, that the act was not a legal *lending,* and the plaintiff was mistaken in the use of terms. Nor do I think the defendant's criticism upon the complaint to be good, under the system of pleading introduced by the Code. If the complaint states facts sufficient to show that in law the defendant's holding the property was unlawful, that is sufficient; especially after judgment. And when the parties go down to trial, and a cause of action is proved, though the complaint might be defective, tested merely as a pleading, upon demurrer, it would be the duty of the referee, or a court, to conform the pleading to the facts proved, in furtherance of justice; and after judgment, if it be entered according to a case duly proved, it would be the duty of the court to amend, or regard the pleading as duly amended. If we are right in this view, the omission in the complaint, if it be one, to allege a demand of the property before suit brought, is cured by the proof, by the report of the referee and the judgment.

Upon the whole view of the case, I think the judgment is in accordance with the justice of the case, and with plain rules of law, and should be affirmed.

Judgment affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Binghamton, December 6, 1870. *Miller,* P. J., and *Potter* and *Parker,* Justices.]