ELLEN SITTERLY, Respondent, *v.* ANDREW GREGG, Appellant.

(Argued December 5, 1882; decided December 15, 1882.)

THIS was an action to recover an alleged balance due on certain promissory notes, among them a note of $300. Plaintiff testified to an interview with defendant, when his brothers James and John were present and that James, at her request, figured up the interest on all the notes, and a payment was made to be applied " on the oldest indebtedness." Defendant claimed that the $300 note was in fact paid years before this alleged interview. The following extract from the opinion gives the facts and the holding of this court upon a question of evidence. The residue of the opinion is simply a discussion of the evidence to show that it justified a submission of the case to the jury.

" The plaintiff, in her recital of the interview and accounting at her mother's, stated that his (defendant's) brothers James and John were present, and that James did the figuring at her request. He was called as a witness for the defendant, and testified that the $300 note was actually paid within three or four years after it was given by the defendant, and the note was not

at the time surrendered, because the plaintiff said she could not find it. On cross-examination his attention was drawn to the occurrence at his mother's, the day after the meeting at O'Neill's. If the plaintiff's version of that transaction was true, it tended to contradict strongly the story of the witness that he saw Andrew previously pay the note, for it is inconceivable, if such payment was in reality made, that James would cast the interest on all three notes in the presence of Andrew, the latter taking part in the transaction, and all parties tacitly conceding, and no one disputing the validity of the $300 note as an outstanding debt, and element of the computation. Under the cross-examination directed to this occurrence, James admitted that he met the plaintiff at his mother's on the day specified ; that the note of $300 was referred to and he figured the interest on it at plaintiff's request ; and that he figured on several amounts for her. So far he corroborated her statement, and would have completed a substantial contradiction of his own evidence in chief, but for a denial which followed. He said that the defendant was not present on that occasion. He was then asked if he had not said that Andrew was so present to O'Neill, and answered in the negative. O'Neill was subsequently called and permitted to testify that the witness did so state, under the defendant's objection that the fact inquired about was collateral, and the evidence incompetent. We think the fact inquired about was not a collateral fact within the rule, but one material to the issue of payment, and if true, tended, when taken in connection with the admissions of the witness, to contradict his evidence in chief, for it is impossible to believe, if James and Andrew both knew the note to have been paid, that the former would have figured the interest on it, and the latter taken part in the transaction, but neither uttering protest or dissent. All this would have followed and been unanswerable, if Andrew was admitted to have been present, unless some further modifying proof was given. While the latter also denied being present, he confesses that the appointment was made the day before at his request. The collision, therefore, was upon an important and material point, and the fact sought to be drawn from James bore directly upon the issue of payment, and tended to contradict him upon a material

matter; and where that is the case the credibility of the witness may be assailed by showing a contrary statement made elsewhere. (*Carpenter* v. *Ward*, 30 N. Y. 243 ; *Schell* v. *Plumb*, 55 id. 592 ; *Patchin* v. *Astor Mut. Ins. Co.*, 13 id. 268.)    The cross-examination of the witness was not as to immaterial matter.    It was upon an occurrence vital to the issue of payment, and to the testimony upon that issue which the witness had given on his direct examination.    We think, therefore, the evidence of O'Neill was competent, and no error was committed in its admission."

*S. W. Jackson* for appellant.

*D. C. Beattie* for respondent.

FINCH, J., reads for affirmance.
All concur, except TRACY, J., absent.
Judgment affirmed.