(10 Misc. Rep. 362.)

## LAW v. PEMBERTON.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

1. LEASE—AGREEMENT FOR—ACTION FOR BREACH.

An action for breach of an agreement for a lease cannot be supported unless the lease, in all its terms, was agreed upon, and nothing left indefinite, to be fixed only when the lease should be prepared. And this, whatever the probability that the parties would not ultimately .disagree as to the form of the lease, or however unimportant to the lessee the stipulation omitted to be specified might be regarded.

2. SAME—TIME OF TAKING EFFECT.

Similarly, if it appear that the oral agreement, however precise and complete, was not to be binding on the parties until embodied in a formal, written .lease.

3. APPEAL—EXCEPTIONS.

To show error for reversal by the common pleas of a judgment of the city court, the exception must present the specific point for review.

(Syllabus by the Court.)

Appeal from the city court, general term.

Action by Alfred W. Law against Frank R. Pemberton to recover for breach of an agreement for a lease. From a judgment of the city court (29 N. Y. Supp. 605) affirming a judgment entered on a verdict directed for defendant at trial term, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Willis B. Dowd, for appellant.
Frank Sullivan Smith, for respondent.

PRYOR, J. We cannot concur in the conclusion of the court below that the action is for rent, eo nomine, accruing by virtue of a lease. True, the complaint says the plaintiff "leased" the premises, but the word is not decisive against a mere executory contract for a lease; and upon the entire pleading it is manifest, beyond doubt, that the action is to recover damages for breach of an agreement to demise. The complaint alleges "the refusal of the defendant to occupy and use said apartment," the "expenditure occasioned by the breach of said contract," and the difference between the contract price and the rental value, "making plaintiff's damages, in all, $608.36," for which sum—not the stipulated rent—judgment is demanded. Such, too, was the defendant's understanding of the action, for in his answer he "alleges that no agreement for the lease was ever concluded between the plaintiff· and defendant." Upon the issue thus raised, the point for adjudication is whether the evidence shows a consummate, obligatory contract for a lease. In Sourwine v. Truscott, 17 Hun, 432, 434,—an action identical with the present,—a judgment for the plaintiff was reversed for refusal of the court to charge the proposition "that there was no agreement to give a lease if there were any essential matters, affecting the rights of the parties, left

open for further consideration." And the court, per Talcott (a jurist of eminent authority), states "the legal proposition, as an undeniable truism," that:

"If there had been no absolute agreement made as to all the particulars of the lease that was to be given,—if the minds of the parties had not met as to all these particulars,—there was no agreement on which an action would lie. Unless the lease, in all its terms, was agreed upon, then there was no binding contract that could be enforced in law. If any of the conditions to be contained in the lease were left indefinite, and to be fixed only when the lease should be prepared, there was no such contract as was binding on the parties at law; whatever may have been the probability that the parties would not ultimately disagree upon the form of the lease, or however unimportant to the lessee the stipulation omitted to be specified might be regarded." Fullerton v. Dalton, 58 Barb. 236.

Nay, more:

"If the parties agree on terms, however precise, subject to the preparation and approval of a formal contract, the concurrence of their wills is suspended, and where nothing further is done there is no contract." Bish. Cont. § 319.

In the case at bar there was a stipulation for a formal, written lease, without execution of which by the defendant he "would never have been permitted to occupy the premises." No lease was ever executed. Plaintiff's agent, with whom the contract, if any, was made, testified further that:

"The leases were printed with blanks, and filled in. I imagine there were provisions in the lease that I did not talk over with the defendant. I did not show him a copy of the lease. I did not mention to him any of the provisions of the leases. There were many questions that were not discussed at all between us. There are many clauses in the leases which I do not carry in my mind."

Upon plaintiff's own evidence, the fact is clear of doubt or dispute that the contract was not to be binding on the parties before execution of a written lease,—until such execution, the defendant would be denied entry,—and that the lease contained provisions to which not only did the defendant not consent, but of which he was not even apprised. The contract, being inchoate and incomplete, is incapable of sustaining an action.

From the principle of our decision, it follows that none of the exceptions are well taken, unless error be apparent in the direction of a verdict for the defendant, instead of simply nonsuiting the plaintiff. To show error for reversal by us of a judgment in the city court, the exceptions must present the specific point for review. The action miscarried for defect in plaintiff's proof, and judgment for defendant was the necessary result. The exception is merely to the direction of the verdict, and the plaintiff conveyed to the court no intimation that the proper judgment, if against him, was of nonsuit. Moreover, the plaintiff himself had already moved for a direction in his favor. Yet, again, the plaintiff made no suggestion that he might improve his case on another trial; and indeed, unless the only witness to the negotiation retracted his evidence, a recovery by the plaintiff would still be impossible. True, a verdict by direction precludes another action, and it should be precluded when it can be supported only by the prevarication of witnesses. Judgment affirmed, with costs. All concur.