(13 Misc. Rep. 565.)

## ROSEN v. ROSE.

(Superior Court of New York City, Equity Term. July 1, 1895.)

1. STATUTE OF FRAUDS—AGREEMENT RELATING TO LAND.
   An agreement to lease real property for one year, with the privilege of two years more, is a contract for the leasing of land for more than one year, within the statute of frauds.

2. SAME—PART PERFORMANCE.
   The payment of a sum of money for the rent of property pursuant to an oral agreement for a lease for more than one year is not such part performance as to take the case out of the statute of frauds.

Action by Louis Rosen against Morris Rose for specific performance. Judgment for defendant.

Steuer & Rosenthal, for plaintiff.
C. Goldzier, for defendant.

McADAM, J. The plaintiff seeks specific performance of an alleged oral agreement, by which the defendant was to execute a lease of real property, in this city for one year, with the privilege of two years more. Such a contract relates to the leasing of lands for more than one year (Chretien v. Doney, 1 N. Y. 419; House v. Burr, 24 Barb. 525; Kramer v. Cook, 7 Gray, 550; Voege v. Ronalds, 83 Hun. 114, 31 N. Y. Supp. 353), and, to be valid, must be in writing, subscribed by the party to be charged (2 Edm. Rev. St. 139, § 6; Wood, Landl. & Ten. § 188). Though the plaintiff has not received possession, he claims that the want of a writing is made up by part performance, in that defendant accepted $10 on account. The doctrine of part performance applies only where a contract is so far performed that the parties cannot be restored to their original position except by equitable aid, which is sometimes extended to prevent fraud. The payment of the money in this instance does not present a case calling for equitable relief, for complete restoration may be obtained by an action at law for its recovery. Pom. Spec. Perf. § 113; Fry, Spec. Perf. § 403; Bisp. Eq. § 384. Upon the proofs, the court finds that the lease was to be executed by the defendant after he had satisfied himself that the plaintiff was a desirable tenant. He investigated, was dissatisfied, and offered to return the deposit, which plaintiff declined to accept. The defendant, upon the law and facts, is therefore entitled to judgment.