(17 Misc. Rep. 157.)

## NASANOWITZ v. HANF.

(Supreme Court, Appellate Term, First Department. May 25, 1896.)

1. STATUTE OF FRAUDS—PART PERFORMANCE—PAYMENT OF RENT.
   Payment of a month's rent does not dispense with the requirement of 4 Rev. St. (8th Ed.) p. 2589, § 8, that a lease for more than one year shall be void unless the lease, or some note or memorandum thereof, expressing the consideration, be in writing, as the parties may be placed in statu quo by the return of the money paid.

2. SAME—SUFFICIENCY OF MEMORANDUM.
   A receipt which recites merely the payment of a certain sum of money "for one month's rent in advance from May 1, 1895, to June 1, 1895, lease to be given at $1,600 for one year, and $1,800 for next two years," does not comply with the provision of 4 Rev. St. (8th Ed.) p. 2589, § 8, that a lease for a longer period than a year shall be void unless the lease or a note or memorandum thereof be in writing.

3. EVIDENCE—BEST AND SECONDARY—IMPEACHING WITNESS.
   Testimony given by a witness on a former trial may be shown for the purposes of impeachment by any one who heard the former testimony, and the record of the former trial is not necessary as the best evidence.

Appeal from Eighth district court.

Action by Marcus Nasanowitz against Emma Hanf for money had and received. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. H. Sarasohn, for appellant.

Jacob Levy, for respondent.

McADAM, J. The action is to recover $133.33, as so much money had and received by the defendant to the plaintiff's use. The money was paid to the defendant April 16, 1895, and the following receipt given therefor:

"Received this day from Marcus Nasanowitz one hundred and thirty-three and 33/100 dollars, for one month's rent in advance from May 1, 1895, to June 1, 1895. Lease to be given at $1,600 for one year, and $1,800 for next two years.        E. Hanf."

The statute provides that:

"Every contract for the leasing for a longer period than one year * * * shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease * * * is to be made." 4 Rev. St. (8th Ed.) p. 2589, § 8.

The memorandum signed by the defendant was not intended to operate as a present demise. Possession was not given or intended to be taken under it, and it appears upon its face that a formal lease was intended to effectuate the intention of the parties. Law v. Pemberton, 10 Misc. Rep. 362, 31 N. Y. Supp. 21; Fullerton v. Dalton, 58 Barb. 236; Sourwine v. Truscott, 17 Hun, 432; Mayer v. McCreery, 119 N. Y. 434, 23 N. E. 1045. The lease which the defendant proposed to execute contains a fire clause; also, covenant against assigning the lease, or letting or underletting the premises; to permit persons wishing to hire or purchase to see the premises; and, on or after the 1st of February next preceding the

expiration of the term, to permit the usual notice of "To let" or "For sale" to be placed upon the walls or doors of the premises; that all improvements made by the tenant shall belong to the landlord at the expiration of the term; that the landlord shall not be liable on account of leakage; that the tenant shall execute and fulfill all the ordinances of the city corporation applicable to said premises, and all orders and requirements imposed by the board of health and the police department in, upon, or connected with said premises, and pay all Croton water taxes upon the premises during the term. If the receipt be considered the memorandum required by the statute, the tenant was not bound to assent to all the covenants imposed on him by the lease prepared by the defendant, but only to such of them as are usually incident to such hirings, and therefore presumed to have been within the contemplation of the parties, in order to secure the full effect of the agreement. The one the tenant particularly objected to was that in regard to paying Croton water rent, and this the defendant could not as of right demand (Tayl. Landl. & Ten. § 45), in the absence of proof on her part that such a covenant is usually incident to such a hiring,—a matter in respect to which no evidence was given. The memorandum required by the statute should contain the substantial terms of the contract expressed with such certainty that they may be understood without reference to parol evidence. Wat. Spec. Perf. § 234; Browne, St. Frauds, § 371; Mentz v. Newitter, 122 N. Y. 491, 25 N. E. 1044; Routledge v. Worthington Co., 119 N. Y. 592, 23 N. E. 1111. In this instance the memorandum does not describe or even refer to the premises, the subject-matter and most material part of the contract. Lancaster v. De Trafford, 31 Law J. Ch. 554. It does not specify whether the subject-matter is a whole house or part of one; while the lease offered describes parts of two adjoining houses as the property.

It has been suggested that the payment of the $133.33 constituted a part performance, sufficient to take the case out of the operation of the statute. But the authorities hold that such result does not always follow; for the money may be returned, and the parties placed in the situation they were in before the payment was made. Rosen v. Rose (Super. N. Y.) 34 N. Y. Supp. 467; Dunckel v. Dunckel, 141 N. Y. 427, 36 N. E. 405. Aside from this, the rule of law is that, to take a case out of the operation of the statute, there must have been full performance by one of the parties to the contract; the doctrine of part performance being confined to courts of equity. Wat. Spec. Perf. § 259.

Assuming, therefore, that the contract is void, not because it was illegal, but for want of the ordinary statutory formalities, it does not follow that the plaintiff is entitled to recover back the amount paid by him, as so much money received by the defendant to and for his use. The rule allowing a recovery in such cases is confined to instances where the party receiving the money has refused or became unable to carry out the contract on his part, the plaintiff himself having faithfully performed, or offered to perform.

Dowdle v. Camp, 12 Johns. 451; Browne, St. Frauds (3d Ed.) § 122; Lockwood v. Barnes, 3 Hill, 128; Abbott v. Draper, 4 Denio, 51; Collier v. Coates, 17 Barb. 471; Galvin v. Prentice, 45 N. Y., at page 165; Harris v. Frink, 49 N. Y. 24. This requires us to examine the testimony for the purpose of determining whether the failure to carry out the arrangement was owing to the fault of the plaintiff or defendant, and whether any error to the prejudice of either party was committed in determining this question. The defendant testified that, when the plaintiff objected to the water tax, she agreed to eliminate it from the lease. The plaintiff denied that the defendant expressed any such intention, and this evidence became material to the determination of the issue involved. With the view of contradicting the defendant in respect to this matter, the plaintiff tried to show by those who heard the defendant testify upon a former trial of the action that the defendant testified differently in respect to the water tax; but the justice, under objection by the defendant's counsel, declined to permit the plaintiff to make such proof, upon the ground that the record of the former trial was the best evidence. There was no necessity for producing the stenographer who took the evidence on the previous trial, for any person who was present in court, and heard the testimony, was competent to testify in respect thereto. Grimm v. Hammel. 2 Hilt. 434; Pickard v. Collins, 23 Barb. 444; Sitterly v. Gregg, 90 N. Y. 686, 688; Chapman v. Brooks, 31 N. Y. 75; McCabe v. Brayton, 38 N. Y. 196; Oderkirk v. Fargo, 61 Hun, at page 422, 16 N. Y. Supp. 220. The rule is that a witness may be impeached by acts done or statements made out of court, or on a different occasion, inconsistent with the testimony given by the witness on the trial (Baylies, Trial Prac. 190); and it was for this purpose the testimony was offered. The justice found in favor of the defendant, the person whose testimony the plaintiff unsuccessfully sought to impair by the evidence excluded; and the error presumably injured the plaintiff. Greene v. White, 37 N. Y. 405; Baird v. Gillett, 47 N. Y. 187, 188; Starbird v. Barrons, 43 N. Y. 200; Williams v. Fitch, 18 N. Y. 546; O'Hagan v. Dillon, 76 N. Y. 170; Worrell v. Parmelee, 1 N. Y. 519; People v. Wiley, 3 Hill, 214; Newdecker v. Kohlberg, 81 N. Y. 304, 305; Hawley v. Hatter, 9 Hun, 134.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.