(23 Misc. Rep. 461.)

STAHL et al. v. DOHRMAN.

(Supreme Court, Appellate Term.    May 3, 1898.)

CONVERSION—NECESSITY OF DEMAND.

Where one who has previously acted as purchasing agent for another makes· further purchases for himself, from the same seller, in the name of the principal, after his agency has terminated, without notifying the seller of the change, and with knowledge that the seller believes that the sale is to the principal, he is guilty of a conversion from the moment he thus possesses himself of the goods; and, as his possession was unlawful in its inception. no title, even colorable, vests in him, and no demand is necessary to make· the seller's right of action against him complete.

Appeal from Second district court.

Action by Jacob Stahl and others against Herman Dohrman. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Wahle & Stone, for appellants.

C. A. Burgess, for respondent.

GILDERSLEEVE, J.   Previous to October 1, 1895, one Frederick Hackman kept a liquor and cigar store at the corner of Fiftieth street and Third avenue, in this city.   Defendant was his manager. For a number of years prior to this month of October, 1895, the plaintiffs, who were cigar makers, had been in the custom of selling cigars to said Hackman for use in said liquor and cigar store. These cigars were always billed to Hackman, but were usually paid for by the checks of his different managers,—Hackman being apparently in poor health, and away a considerable portion of the time; and while defendant was such manager the cigars were paid for by the personal check of the defendant.   The defendant had been presented to plaintiffs by Hackman as his manager, and it was as such that they knew him.   On or about October 1, 1895, this liquor and cigar store was sold by Hackman to the defendant, but nothing was said to plaintiffs of the change of ownership; and cigars continued to be billed to Hackman, and to be paid for by checks signed by defendant.   Upon this point, defendant testifies as follows:

"Q. You kept taking these goods, billed to Hackman, without saying you were the owner?   A. Hackman said it was not necessary to notify any one.   I asked him if I should notify them [plaintiffs], and he said it was not necessary.   Q. What directions were given by you for the sale and delivery?   A. I told him [plaintiffs' representative] to send me the cigars, and to bill them in Hackman's name.   Q. And you did not tell anybody?   A. That is right.   Q. And you paid for the cigars?   A. Yes, sir."

The receipts for such cigars, so delivered at the store in question, were given in the name of defendant.   On March 10, 1897, defendant ordered 2,000 cigars of plaintiffs, which were, as usual, billed to Hackman, and delivered at the said store, and were receipted for, as usual, in the name of defendant.   These cigars were disposed of by defendant, and have never been paid for.   Plaintiffs brought this action for a conversion, and the trial justice gave judgment for defendant.   We are of opinion that this decision was erroneous.   The uncontradicted evidence establishes the fact that plaintiffs believed they were selling to Hackman, and had good reason for so supposing, and that the credit was given to Hackman, and not to the defendant.   One of the plaintiffs swears that they would not have sold, had they known that the defendant was the purchaser.   It clearly appears, therefore, that there was no meeting of the minds, as between plaintiffs and defendant, and no sale was effected, as between them.   See Rodliff v. Dallinger, 141 Mass. 5, 4 N. E. 805; also, Fullerton v. Dalton, 58 Barb. 236, affirmed

49 N. Y. 659. The defendant assumed to buy the goods on Hack-
man's account, and as his agent, when in fact that agency had
been terminated, and he really intended to obtain possession of the
property and sell it on his own account. He knew that the plain-
tiffs believed that they were selling to Hackman, and that when
they delivered the goods they tendered them to him as Hackman's
agent, believing that he was authorized to receive them for Hackman's
account. With this knowledge, he took the goods into his posses-
sion, intending to appropriate them to his own use. This was a
plain fraud upon the plaintiffs. The possession of the property by
the defendant was therefore never a lawful one, and no title, not
even colorable, was ever vested in him. The moment he thus pos-
sessed himself of the property in question, he was therefore guilty
of a conversion, and no demand was necessary to make the plain-
tiffs' right of action against him complete. Pease v. Smith, 61 N.
Y. 477; Smith v. Smalley, 19 App. Div. 521, 46 N. Y. Supp. 277;
Hamet v. Letcher, 37 Ohio St. 356. There was no sale of the
property to any one. It is self-evident that there was none to the
defendant, and it is equally plain that there was none to Hackman.
The plaintiffs may have had a right to recover the price of the
goods from Hackman, but only on the ground that he was estopped
by his conduct from denying Dohrman's agency. They were not,
however, bound to take this position, but were at liberty to deal
with the case upon the facts as they actually existed. It is clear
that there was a tortious conversion of the property, and that the
plaintiffs were entitled to judgment in their favor. It was there-
fore error to dismiss the complaint.

Judgment reversed, and a new trial ordered, with costs to the
appellants to abide the event. All concur.