(31 Misc. Rep. 276.)

### JENKELSON v. RUFF.

(Supreme Court, Appellate Term.   April 16, 1900.)

LANDLORD AND TENANT—AGREEMENT FOR LEASE—BREACH—DAMAGES.

 Plaintiff, while defendant's building was in process of construction, entered into negotiations with defendant to become a tenant thereof. The amount of rent was agreed on, but no agreement was made as to when the term should begin.   It was agreed that a written lease should be executed, and that plaintiff's brother should become a surety thereon. Plaintiff's brother refused to sign the lease as surety, and the writings were never executed.   Plaintiff paid defendant a sum equal to the first month's rent.   *Held*, since the execution of the lease by plaintiff, and the surety agreement by the brother, were essential to the consummation of the agreement, plaintiff cannot recover for defendant's refusal to let him occupy the premises, as the amount paid will be deemed to have been accepted subject to the execution of such lease and agreement.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Samuel Jenkelson against August Ruff to recover for breach of an alleged contract.   From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Christian G. Moritz, for appellant.

Leopold W. Harburger, for respondent.

O'GORMAN, J.   This action was brought to recover damages for breach of contract, and for money had and received.   The defense was a general denial, counterclaim, and tender and payment into court of the amount conceded by the defendant to be due the plaintiff. Plaintiff bases his right to recover upon an alleged oral hiring of the defendant's premises, and the refusal of the defendant to give possession thereof.   Plaintiff's own evidence, however, fails to establish a binding or completed agreement between the parties.   The agreement, so far as it proceeded, was merely tentative; the amount of the rent being the only item specifically agreed upon.   At this time the building was not completed, and there was doubt as to when it would be ready for occupancy.   It was understood by both parties that a written lease was to be prepared, and that a surety agreement was to be executed by plaintiff's brother.   The written lease was never prepared or executed, and plaintiff's brother refused to become surety on the lease when called upon by the defendant.   These writings being essential to the validity of the lease, the hiring was never completed, and plaintiff is without remedy.   Law v. Pemberton, 10 Misc. Rep. 362, 31 N. Y. Supp. 21.   This is not a case where all the terms and conditions were actually settled and closed, excepting the mere reduction of the agreement to writing.   The payment of the $50 to the defendant at the time of the alleged hiring by the plaintiff does not alter the situation of the parties.   Wilder v. Stace, 61 Hun, 233, 15 N. Y. Supp. 870.   Whether we regard it as a deposit or rent for the first month, it was manifestly accepted subject to the execution of the formal contract and the surety agreement.   The transaction,

therefore, never having been consummated, this action cannot be sustained, except for money had and received.   The court below having found that defendant's counterclaim was established by competent proof, the plaintiff was entitled only to the balance remaining on the deposit, which was duly tendered and paid into court.   Under the proofs, the defendant was entitled to a judgment.

Judgment reversed, with costs, and judgment ordered for the defendant, with costs.   All concur.