(36 Misc. Rep. 532.)

### SPOTA v. HAYES.

(Supreme Court, Appellate Term.   December, 1901.)

1. EVIDENCE—CUSTOM.

 Where a written lease forbids underletting, a tenant cannot prove a local custom of landlords permitting tenants to sublet during the summer months.

2. LEASE—SUBLETTING.

 Where a written lease forbids subletting, the oral assent of the landlord's agent to such subletting, without any new consideration with landlord, is unavailing.

3. SAME—STATUTE OF FRAUDS.

 An oral lease for 17 months, being invalid under Laws 1896, c. 547, § 224, as being for a term exceeding one year, part performance cannot save it.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Joseph Spota against Marcellus T. Hayes.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

J. Brownson Ker, for appellant.

James Kearney, for respondent.

McADAM, P. J.   The plaintiff sued to recover $150, three months' rent, July, August, and September, of the third apartment, rear, in

the house on the north side of 114th street, 150 feet east of Amsterdam avenue, in the borough of Manhattan, demised to the defendant under a written lease for one year from October 1, 1899. The defendant practically conceded that the rent for July and August had not been paid, and his defense as to the September rent was obviated by the withdrawal of that month from the plaintiff's cause of action.

The defendant pleaded several alleged counterclaims: First. That at the time the lease was executed by the parties there was a well-established custom in the city of New York, among landlords, to allow their tenants to sublet premises, leased during the summer months, and that said lease was entered into with reference to said custom. No proof of any such custom could be received to vary or contradict the written lease, which expressly provides against any underletting. Lawson, Usages & Cust. p. 272, § 132. Second. That about June 12, 1900, the plaintiff's agent agreed that the defendant (notwithstanding the covenant against underletting) might sublet the premises to Miss Ross, for July, August, and September; that the defendant thereupon sent his furniture to a warehouse, and did sublet the premises in suit to her, at the rate of $50 per month, and that the defendant made an agreement for the board of himself and family at $55 a month. For breach of the agent's oral assent, the defendant claims that the landlord became indebted to him, the defendant, in the sum of $152 damages. The lease gave the defendant no such cause of action, and we cannot see that the covenant against underletting, which the landlord was careful to exact, can be transformed by the subsequent oral assent of an agent, without any new consideration moving to the landlord, into a right of action against him for damages.

The defendant also pleaded an oral hiring by Miss Ross of one of the apartments of six rooms, for a term of 17 months from May 1, 1900, which the plaintiff refused to carry out, to her damage $850. This claim, the defendant alleges, was assigned to him. The agreement, being for a term exceeding one year, and not being in writing, was void (Laws 1896, c. 547, § 224), and gave rise to no right of action whatever. The claim that there was part performance of the contract, because Miss Ross made arrangements on her part to carry it out, is unavailing. "The rule is that, to take the case out of the operation of the statute, there must have been full performance by one of the parties to the contract. The doctrine of part performance is confined to courts of equity." Wat. Spec. Perf. § 259; Nasanowitz v. Hanf, 17 Misc. Rep. 157, 39 N. Y. Supp. 327.

The judgment, which was for the July and August rent, was right, and must be affirmed, with costs.

Judgment affirmed, with costs. All concur.