## Kate Levine v. Michael T. Carroll.

### Gen. No. 11,803.

1. WITNESS—*when husband competent as, for wife.* Where the litigation concerns the separate property of the wife, the husband is a competent witness in her behalf.

2. WITNESS—*when transcript of evidence of deceased, competent.* The evidence given by a deceased witness is competent where the issues in the former trial were substantially the same as those in which the testimony is offered.

3. CROSS-EXAMINATION—*when answer given upon, not binding upon cross-examiner.* While the cross-examiner is bound by the answer of a witness given on cross-examination with respect to a collateral matter, yet such rule does not apply if the collateral matter brought out upon the cross-examination was proper in view of the nature of the direct testimony given by the witness.

4. DEED—*legal effect of, cannot be shown by parol.* Oral testimony is not admissible to limit the legal effect of a deed.

5. DEED—*consideration of, may be shown by parol.* The true consideration of a deed may be shown by parol evidence.

6. EASEMENT—*how cannot be extinguished.* An easement created by deed cannot be extinguished by an unexecuted parol agreement.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed June 2, 1905.

**Statement by the Court.** Prior to March 3, 1897, Solomon Levine was the owner of lots 1 and 2 in a certain subdivision. On that day he conveyed lot 1 to appellee by a warranty deed. March 11, 1897, he conveyed lot 2 to his daughter, who on the same day conveyed the same to appel-

lant, then the wife of Solomon Levine. Solomon Levine built upon lot 1 two buildings. The building on the rear of that lot extended over the lot line, so that at the ground three inches of the building rested on lot 2. The second story of said building projected beyond the lower story so that the second story overhung lot 2 nearly three feet.

The contention of appellant is that as a part of the verbal agreement between Solomon Levine and Carroll for the purchase and sale of lot 1, Carroll agreed to pay rent at the rate of five dollars per month, for the use and occupation of that part of lot 2 upon which the building on lot 1 encroached, until he should move said building so that it would no longer encroach on lot 2. Appellee denies that such an agreement was made. Appellant brought an action before a justice of the peace against Carroll to recover the rent claimed to be due under such agreement. The case was taken to the Circuit Court by appeal and the trial in that court resulted in a judgment for the defendant from which the plaintiff prosecutes this appeal.

MOSES, ROSENTHAL & KENNEDY, for appellant.

McARDLE & McARDLE, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The errors assigned by appellant only call in question the rulings of the court on the admission and exclusion of evidence.

In November, 1900, a forcible detainer suit, brought by appellant against appellee to recover possession of that part of lot 2 upon which the building on lot 1 encroached, was tried before a justice. Solomon Levine died after the trial of the forcible detainer suit and before the trial of this suit. At the trial in this case the plaintiff offered in evidence a transcript of the report of the testimony of Solomon Levine at the trial of the forcible detainer suit, taken by a stenographer. The stenographer was called as a witness, and the plaintiff offered to prove by him that he took the testimony

of Solomon Levine and that the transcript offered in evidence was a full, true and correct transcript of the testimony of Solomon Levine at that trial. The defendant objected, upon the ground that the testimony was taken, not in the case on trial, but in another case; that such trial was before a justice of the peace and for that reason the evidence was not admissible, and upon the further ground that Solomon Levine was the husband of the plaintiff and, if living, could not testify for her, and the court sustained the objection and excluded the evidence.

The litigation concerned the separate property of the wife and the husband, if living, would have been a competent witness for the wife. R. S., sec. 5, chap. 51; Cassem v. Heustis, 201 Ill., 208-235.

The issues in the forcible detainer suit and in this suit were substantially the same and evidence as to the testimony of a deceased witness given at the trial of that suit was competent in this suit. McConnel v. Smith, 27 Ill., 234; Pratt v. Kendig, 128 Ill., 303.

The plaintiff offered to prove by the stenographer who was called and sworn as a witness the facts necessary to make the transcript offered in evidence admissible under the rule stated in Brown v. Luehrs, 79 Ill., 575, followed and approved in Luetgert v. Volker, 153 Ill., 385, and the objection to the transcript was not because the preliminary proof had not been made but was to the evidence offered of the testimony of Levine at the trial of the other case. We think the court erred in sustaining the objection of the defendant to this evidence.

The testimony on both sides was that in March, 1897, a short time after Levine sold lot 1 to Carroll, Carroll paid Levine $10. The testimony for plaintiff tended to show that this payment was made for two months' rent under the agreement as claimed by plaintiff. That for the defendant, that at the time such payment was made another and different agreement was made between Levine and Carroll and that $10 was paid under the agreement then made.

Auschwitz, a witness for defendant, testified in chief that

he lived in Levine's house on lot 2 in 1897; that he remembered the sale of lot 1, that it was in March or February; that shortly after the sale he heard a conversation between Levine and Carroll in Levine's yard; that he started to go to work, had his overalls under his arm, but waited and heard the conversation, heard Carroll offer Levine $10 for the use of his yard for his tenants, that Levine said all right and that he saw Carroll hand Levine money. On cross-examination the witness testified that he moved into Levine's house in the fall of 1896, that he lived there in the spring of 1897. In rebuttal plaintiff testified that Auschwitz did not move into Levine's house until the end of June, 1897, but the court struck out her testimony and sustained the objection of defendant to plaintiff's offer to prove by two other witnesses that Auschwitz was not living in the Levine house in March, 1897, when he claimed to have heard the conversation he testified to, and did not go there to live and was not known to any of the parties until June, 1897. It is insisted that the ruling was proper because the place of residence of the witness at the time was immaterial, and the fact that he then lived in Levine's house was a collateral fact brought out by the plaintiff on cross-examination, and therefore the plaintiff could not impeach the witness by contradicting him as to such fact. No rule of evidence is better settled than that a party may not on cross-examination prove a collateral and immaterial fact and then give evidence to contradict the witness as to such fact for the purpose of impeaching him. But in this case, while the witness did not in his examination in chief state in words that he was living in Levine's house in March, 1897, when he heard the conversation between Levine and Carroll, that inference might fairly be drawn from his testimony in chief. The place of residence of the witness was not new matter brought out for the first time on cross-examination by the plaintiff, but such cross-examination as to the place of residence of the witness was proper cross-examination upon the facts stated by him on his examination in chief, as to his residence at the time he testified that he heard the conversation. The witness was asked in chief after

he had testified that he lived in Levine's house in 1897 and heard the conversation in Levine's yard in March, 1897: ."How did you happen to hear that conversation?" In answer he testified to an occurrence that he said happened an hour before the conversation, and then testified about going to work with his overalls on his arm as above stated.

In case of Artz v. Railway Co., 44 Iowa, 284, it was said, p. 286: "The defendant introduced into the evidence the subject of the witness offering religious consolation to plaintiff, and upon his cross-examination he was asked, and responded, without objection, as to his refusal to pray for plaintiff, upon his request. This was clearly a continuation of the subject introduced by defendant, and objection cannot now be raised by the same party to the competency of the evidence. Neither can the defendant, having introduced the subject and drawn out the evidence, now object to the contradiction thereto offered by plaintiff."

In East Tenn. Ry. Co. v. Daniel, 91 Ga., 768, it was held that "Where a witness by way of accounting for his presence at the scene of the killing of an animal stated that immediately before going there, he made particular purchase at a certain store, evidence is admissible in behalf of the opposite party, showing or tending to show that he made no such purchase on the occasion referred to. While this fact is not directly material on the circumstances of the killing, it is indirectly material because it contradicts the witness as to the train of events which led him to be present, and thus tends to discredit him as to the fact of his presence." See also People v. Freeman, 28 Pac. (Cal.), 261; Golson v. State, 26 Southern (Ala.), 975; Sitterly v. Gregg, 90 N. Y., 686; Davis v. Cal. Powder Works, 84 Cal., 617; C. C. R. R. Co. v. Allen, 169 Ill., 287.

The testimony of Auschwitz that he lived in Levine's house when he heard the conversation between Levine and Carroll in February or March, 1897, was given on his examination in chief to explain how it happened that he was where he could hear that conversation which he said occurred in Levine's yard. It was therefore not collateral and the tes-

timony of appellant which was stricken out and that of the
witness which was excluded tended to contradict the witness
upon a material matter and therefore to impeach him and
should have been admitted.

The contention of appellee that the deed of Levine to Car-
roll carried with it an easement in lot 2 for the support of
the building on lot 1, so long as that building shall be
maintained, seems to be supported by the authorities and for
the purposes of this agreement may be admitted.   Wilson v.
Wightman, 55 N. Y. Supp., 806; Ingals v. Plamondon, 75
Ill., 118; Clark v. Gaffeney, 116 ib., 362.

It is elementary that oral testimony is not admissible to
limit the legal effect of a deed and that an easement created
by deed cannot be extinguished by an unexecuted parol agree-
ment.   But the contention of appellee that from these rules
of law the conclusion follows that there could be no recovery
in this case and therefore the rulings of the court on the ad-
mission or exclusion of evidence were not harmful to appel-
lant, cannot be maintained.   The contract for the sale of
the lot was made before the deed, not in or by the deed.   So
far as appears that contract was verbal and oral evidence
that as a part of the consideration Carroll agreed to pay
Levine $5 per month for the easement in lot 2, created by
the deed, so long as he should use and enjoy that easement
was admissible.   Ludeke v. Sutherland, 87 Ill., 481; Lloyd
v. Sandusky, 203 ib., 621; Brosseau v. Lowy, 209 ib., 405;
Collins v. Tillou, 26 Conn., 368; Greedy v. McGee, 55 Ia.,
759.

In the case last cited the court say: "It is urged that
evidence in relation to boarding is inadmissible, because it
adds to or varies the written contract.   The contract is
wholly in parol.   The conveyance is not the contract.   It is
the evidence of the consummation of some contract, but is
not evidence of what the contract was."

For the errors indicated the judgment of the Circuit Court
will be reversed and the cause remanded.

*Reversed and remanded.*