MAX MAYER, Appellant, *v.* JAMES McCREERY, Respondent.

In an action for the specific performance of an alleged agreement for the leasing of certain premises by defendant to plaintiff, the making of which plaintiff denied, the only evidence to establish the agreement was certain letters, one from plaintiff offering to lease the premises for a term of years at a rent specified, the buildings thereon to be altered similar to those a certain firm named "is now altering, * * * plans, etc., to be mutually agreed upon;" a reply from defendant acknowledging receipt of plaintiff's letter, and saying "I hereby accept your offer," and a letter from him four days later in which he states his counsel advises him "that there are difficulties which will prevent the making of a lease as proposed," adding, "you will, therefore, understand that the proposed lease cannot and will not be made." *Held*, that said letters did not constitute a completed agreement to lease; but an agreement in substance that, if the parties should thereafter agree upon plans for the alteration of the building, a lease would be given upon the terms specified; that it was immaterial what reason defendant gave, or what motive actuated him in his refusal to agree upon plans; that he had a right to insist upon such an agreement before plaintiff's right to demand a lease should arise; also, that plaintiff was not entitled to waive the condition as to alterations, and to demand a lease without an agreement as to plans.

(Argued January 28, 1890; decided February 25, 1890.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made May 18, 1887, which reversed an interlocutory judgment rendered at Special Term in favor of plaintiff and granted a new trial.

The nature of the action and the material facts are stated in the opinion.

*Frederic R. Coudert* for appellant. In estimating the language that constitutes a lease, the form of words is of no consequence; it is not even necessary that the term lease should be used. (*Moore* v. *Miller*, 8 Penn. St. 272; *Peck* v. *Vandermark*, 99 N. Y. 29; 107 id. 192, 194; *Newton* v. *Bronson*, 13 id. 505; *Union Bank* v. *Coster*, 3 id. 209; *Peabody* v. *Speyers*, 56 id. 236; *Meyers* v. *Smith*, 48 Barb. 614; *Moore* v. *Pierson*, 71 Am. Dec. 409.) The contract evidenced by the letters exchanged between the parties to this suit, though informal, is in every respect complete. (*Wright* v. *Weeks*, 25 N. Y. 157, 160.) The refusal of the defendant to carry out his contract was a waiver of all conditions on the part of the plaintiff, if any existed. (*Ford* v. *Tiley*, B. & C. 325; *Franchot* v. *Leach*, 5 Cow. 506; *Traver* v. *Halstead*, 23 Wend. 66; *Cort* v. *A. R. R. Co.*, Eng. L. & Eq. 230; *Hochster* v. *De La Tour*, 20 id. 157; *Frost* v. *Knight*, 7 Law Rep. [Ex. Ch.] 111; *Burtis* v. *Thompson*, 42 N. Y. 246; *Shaw* v. *R. L. Ins. Co.*, 69 id. 292; *Sears* v. *Conover*, 4 Abb. Ct. App. Dec. 182; *Howell* v. *Gould*, 2 id. 419; *Woolner* v. *Hill*, 93 N. Y. 580; *Sellick* v. *Tallman*, 87 id. 106; *Hayner* v. *A. L. Ins. Co.*, 69 id. 439; *Moses* v. *Bierling*, 31 id. 462; *Meyer* v. *K. L. Ins. Co.*, 73 id. 516; *Meissel* v. *G. L. Ins. Co.*, 76 id. 115; *Chamberlain* v. *Ins. Co.*, 3 N. Y. Supp. 701; *Bond* v. *Carpenter*, 8 Atl. Rep. 539.) The contract was complete, even if the alterations were not agreed upon, and plaintiff is entitled to possession of the house on May 1, 1885, under his contract. (*Vassar* v. *Camp*, 11 N. Y. 441; *Robertson* v. *Kindley*, 12 Pac. Rep. 587; 2 Addison on Cont. [8th ed.] 1124; *Calhoun* v. *Atchison*, 96 Am. Dec. 229; *Glaze* v. *Duzon*, 4 South. Rep. 861; *Colerick* v. *Hooper*, 56 Am. Dec. 505.) The use of abbreviations is no objection to the validity of a lease. (*Wright* v. *Weeks*, 25 N. Y. 160; *Cross* v. *Elgin*, 2 Barn. & Ad. 106; *S. F. M. Co.* v. *Goddard*, 14 How. [U. S.] 446.) It appearing on the trial that the defendant had preferred a sale to a lease, and had

actually sold his property, so that the agreement between them was impossible of performance, the learned judge below properly ordered a reference to ascertain and assess the damages. (*Rider* v. *Gray*, 69 Am. Dec. 135; *Patterson* v. *Bloomer*, 95 id. 218; *Brewer* v. *Herbert*, 96 id. 582.)

*W. F. Dunning* for respondent. In order to constitute a contract, the minds of the parties must meet, and all the terms of the same be agreed to. If any part of the contract is not settled by the parties, as to that part there can be no contract. (*C. T. Co.* v. *N. Y. S. Exchange*, 15 N. Y. S. R. 19, 24; *Lyman* v. *Robinson*, 14 Allen, 242, 254; Whart on Cont. 16, § 5; *Ridgway* v. *Wharton*, 6 H. L. Cas. 268; *Brown* v. *N. Y. C. R. R. Co.*, 44 N. Y. 79, 85   *Myers* v. *Smith*, 48 Barb. 614; *Demeuth* v. *American Inst.*, 10 J. & S. 336; 75 N. Y. 502; *Foot* v. *Webb*, 59 Barb. 39; Parsons on Cont. [5th ed.] 557; Addison on Cont. 37; 1 Greenl. on Ev. § 275; *Sourwine* v. *Truscott*, 17 Hun, 432; *Maitland* v. *Wilcox*, 17 Penn. St. 231, 234; *Appleby* v. *Johnson*, L. R. [9 C. P.] 158; *Stanley* v. *Dowdeswell*, L. R. [10 id.] 102; 2 Addison on Cont. 1124; Pomeroy on Spec. Per. § 151.) The contract sought to be enforced must be wholly in writing and cannot be supplemented by parol. (*Wright* v. *Weeks*, 25 N. Y. 153.)

PECKHAM, J. This action was brought for the purpose of procuring specific performance of an alleged agreement for the leasing of certain premises in the city of New York, owned by the defendant, which, as was alleged, he agreed to lease to the plaintiff upon certain terms mentioned in the alleged agreement.

The defendant denied the making of any such agreement, and upon trial before a single judge it was found that the agreement as alleged by the plaintiff had been made, and that as the defendant had failed to execute the lease and had in the meantime sold the premises, the court found that the plaintiff was entitled to recover of the defendant the damages sustained by him by reason of defendant's neglect and refusal to

carry out the agreement already referred to. The court ordered a reference to ascertain and assess the damages and to report to the court. Upon the trial the plaintiff, for the purpose of proving the agreement set up in the complaint, offered in evidence, and the same was received, a certain letter of which the following is a copy:

"NEW YORK, *January* 29, 1885.

"Mr. JAMES McCREERY:

"DEAR SIR — I will take your building, 483 Fifth avenue, on a twenty-one years' lease from May 1, 1885, to be altered by you similar to one Hume & Co. is now altering, and floors, etc., arranged as spoken about, etc., at the yearly rent of $5,250 for each year of the term, net rent, no taxes, assessments, etc. Plans, etc., to be mutually agreed upon.

"Yours very respectfully,

"MAX MAYER.

"Building must be ready on May 1, 1885."

On the same twenty-ninth of January, the defendant sent to plaintiff a written acceptance of his offer, of which the following is a copy:

"NEW YORK, *Jan'y* 29, 1885.

"Mr. MAX MAYER:

"DEAR SIR — Yours of this date, making me an offer on building No. 483 Fifth avenue, for a twenty-one years' lease, has been received. I hereby accept your offer.

"Very truly yours,

"JAMES McCREERY."

On the 2d day of February, 1885, the defendant wrote to the plaintiff a letter, of which the following is a copy:

"NEW YORK, *February,* 2, 1885.

"MAX MAYER:

"DEAR SIR—I have submitted the correspondence regarding a lease from me to you of premises No. 483 Fifth avenue to my counsel, and am advised that there are difficulties which will prevent the making of a lease as proposed. You will,

therefore, understand that the proposed lease cannot and will not be made.

"Very truly yours,

"JAMES McCREERY."

The judge found that the above letters were the only memorandum in writing signed by the parties or by either of them in regard to the lease of the premises, and that they constitute the only agreement that was made in relation thereto. He also found that the plaintiff had at all times been and still was ready and willing on his part to comply in all respects with the provisions and requirements of the agreement, and to pay the stipulated rent for the premises.

The question is whether these letters constitute a completed agreement, forming in substance a lease of the premises referred to therein.

We think they do not. The substance of the agreement is that the lease of the building is to be given by the defendant, but before it is to be done, alterations of the building similar to the one Hume & Co. "are now altering" should be made, and that plans for such alteration should be thereafter mutually agreed upon. It is, in substance, an agreement that if the parties shall thereafter agree upon plans for the alteration of the building, that thereupon a lease of the building upon the terms specified in the letters will be given by the defendant to the plaintiff. The whole language is conditional; the making of the lease is plainly based upon the condition that an agreement shall be arrived at between the parties as to the plans and scope of the alterations which are to be thereafter made by the defendant. It is conceded that no such agreement was ever made. On the contrary, the defendant by his letter of the second of February, absolutely declines to make the lease, and the parties do not, as matter of fact, mutually agree upon the alterations to be made. We think it was entirely immaterial what reason was given by the defendant for or what motive actuated him in his refusal to make the lease. He had agreed to make it only provided the parties thereafter agreed upon the plans and alterations to be made, and if no such agreement were arrived

at, there was necessarily no lease.   The case is unlike that of a paper containing two agreements, one valid and the other prohibited, where each is a complete agreement in itself and where the valid agreement may be enforced and the other disregarded. In this case there is no valid agreement excepting an agreement to give a lease provided the parties shall agree upon the plans for alterations thereafter to be made.

We do not think it is a case where the plaintiff might waive the condition for making the alterations and demand a lease without such agreement having been arrived at.   If they are separable contracts, and if the alterations to be made were to be agreed upon solely for the benefit of the plaintiff, the right to waive such alterations might possibly exist, and his claim to exact performance of the agreement for the lease might be a valid one.   But we do not think such is the case.   The defendant has agreed that he would give a lease, provided he and the plaintiff should subsequently agree upon plans for alterations to be made.   But he was under no obligation to agree upon such plans.   On the contrary he might arbitrarily refuse to agree upon them and his refusal would be a sufficient answer to the demand for the execution of the lease.   It would be no answer for the plaintiff to show that he had offered to agree on plans which were reasonable and proper, but that the defendant had, without reason, refused to agree upon them.   The future agreement upon plans was not of such a nature that the plaintiff would have a right to ask that the defendant should specifically perform, upon proof that the plaintiff had offered plans which were reasonable in themselves and which the defendant ought to have agreed upon.   It did not belong to that class of agreements where one party agrees to do work to the satisfaction of another, and which the court holds the other should, as matter of law, be satisfied with upon proof that it would be utterly unreasonable not to be so satisfied.   Here the condition whether there was to be a lease executed depended wholly upon the fact of the agreement thereafter to be made between the parties as to plans for the alteration of the building.   Before any negotia-

tions were entered into the owner of the property of course would have a right to insist upon such conditions as he chose, and whether they were reasonable or unreasonable would not be a matter of the slightest consequence. His decision would stand as reason enough. Having that right he could agree to give a lease upon such terms as the parties might thereafter mutually agree upon, and his refusal to thereafter agree upon any terms would still be a sufficient answer to any demand of the plaintiff, whether such reasons were good or bad. In this instance the parties did agree, the one to lease and the other to receive the lease upon certain conditions to be thereafter mutually agreed upon. Those conditions never were thereafter agreed upon, and hence no right to claim the lease ever existed. The motives of the defendant for his refusal are wholly immaterial; whether they were because he thought he could make a more favorable agreement with some other person, or because he thought there was some difficulty in the deeds upon which he held title, which prevented him from leasing the premises for the purposes intended, is a matter of no importance. The sole condition upon which the lease was to be executed never existed, and hence no right to claim the lease ever arose upon the part of the plaintiff. But we think that so far as the evidence shows there was never any waiver of the plaintiff's right to claim the alterations spoken of in his letter to the defendant. The mere fact that at what he claimed to be the commencement of the lease, he offered in advance a month's rent in full, was not a waiver of his right to demand the alterations spoken of in his letter. It was simply a tender of rent on his part, which we think did not conclusively waive a right, if it had existed, to claim the alterations as if they had been mutually agreed upon.

Nor did the defendant waive his right to have the alterations mutually agreed upon before the execution of the lease, by his letter of the second of February, in which he stated that he was advised that there were difficulties which would prevent the making of the lease as proposed. If we are right as to the fact that the motives of the defendant in refusing to

make the lease are wholly immaterial, it follows that any statement of such motives, or any statement of the reasons which guided him, would be also immaterial. The material part was his failure to agree upon the plans of the alterations. Whether that failure was based upon the advice of his counsel as to legal difficulties in making a lease, or upon any other reason, would constitute no waiver of his right to insist upon such an agreement before the plaintiff's right to demand a lease would arise.

We think the General Term was right in reversing the judgment of the Special Term and granting a new trial, and its order to that effect should be affirmed and judgment absolute given against the plaintiff upon his stipulation, with costs.

All concur.

Order affirmed, and judgment accordingly.