(4 Misc. Rep. 261.)

WALTON v. MATHER.

(City Court of New York, General Term. June 28, 1893.)

1. AUTHORITY OF AGENT—EVIDENCE—QUESTION FOR JURY.

In an action for wrongful discharge as defendant's stage manager, plaintiff testified that defendant told him several times that one W. was her financial and personal representative, and the manager of her company. *Held,* that the evidence was sufficient to submit the question of W.'s authority to act for defendant to the jury.

2. CONTRACT OF EMPLOYMENT—WHAT CONSTITUTES.

A writing which recites: "This memorandum certifies that I have engaged * * * Mr. Henry E. Walton for the Margaret Mather Dramatic Co., season of 1890–1, at a salary of seventy-five (75) dollars per week, subject to the conditions and regulations of a contract which is to be substituted for the memorandum,"—is not a contract, as it is subject to conditions and regulations to be thereafter agreed on by the parties.

Appeal from trial term.

Action by Henry E. Walton against Margaret Mather for wrongful discharge from defendant's employ. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before VAN WYCK and FITZSIMONS, JJ.

Nathan Lewis and S. G. Adams, for appellant.

Dittenhoefer & Gerber, for respondent.

VAN WYCK, J. At the close of plaintiff's case, at trial, he was nonsuited on the grounds that the parties never came to a complete, final contract, and that D. C. Willoughby had no authority to act for Miss Mather, the defendant. The plaintiff testified that "Mr. Willoughby, in 1890 and 1891, was the financial and personal representative and manager of the defendant, and I know that by Miss Mather telling me so," and that "Miss Mather told me a dozen times—twenty times—that Mr. Willoughby was the manager of her company." The proof in this regard was sufficient to carry the question of Mr. Willoughby's authority to the jury.

Now, as to whether the parties ever came to a complete final contract: The plaintiff had marked in evidence the following:

"This memorandum certifies that I have engaged this 12th day of June, 1890, Mr. Henry E. Walton, for the Margaret Mather Dramatic Co., season of 1890–1, at a salary of seventy-five (75) dollars per week, subject to the conditions and regulations of a contract which is to be substituted for the memorandum.

[Signed]　　　　　　　　　　　　　　　　"D. C. Willoughby.
　　　　　　　　　　　　　　　　　　　　"Henry E. Walton."

Although this memorandum names the term of employment, rate of compensation, and general nature of the business, yet it is not a contract, because it is subject to conditions and regulations to be thereafter agreed upon by the parties. Hence, the minds of the parties had not yet met. And if plaintiff's cause had rested solely on this memorandum the nonsuit would have been justified by the rulings in the leading case upon this subject, of Chinnock v. Marchioness of Ely, 12 Law T. (N. S.) 251, and in Mayer v. McCreery, 119 N. Y. 434, 23 N. E. Rep. 1045. However, it must be remembered that in both of those cases the contracts were required to be in writing by the statute of frauds, while there is nothing in the memorandum here which requires the conditions and regulations to be agreed upon to be in writing, nor does it come within the provisions of the statute of frauds. Hence, those conditions and regulations could be waived, or agreed upon by the parties orally; and this plaintiff contends, by evidence, that all conditions and regulations were waived by Miss Mather, except as to the nature of the services to be performed by him, to wit, as stage manager of her company, while she contends in her answer—

"That one of the conditions of the employment of the plaintiff was that his engagement and employment could terminate by either party giving to the other two weeks' previous notice of their intention to terminate."

It is true that by the answer she denied making any contract at all; but, as already shown, plaintiff's proof of Mr. Willoughby's authority to act for her was sufficient to carry that question to the jury, and as to her own participation in the making of the contract the plaintiff testified:

"I had the first conversation with Miss Mather in regard to this contract in August at the Victoria."

And that:

"After that paper of June 12, 1890, was signed, I saw Miss Mather in August, at the Victoria Hotel. That was the first time I had seen her, except on the

stage; personally, to know her. Mr. Willoughby was present and with me at the time. Mr. Willoughby introduced me to her. I said I had had the pleasure of seeing her before, but not personally, to be acquainted with her. He said, 'This is the stage manager.' Mr. Willoughby said, 'This is the stage manager.' She asked me various things about the people,—did I know any of them? I said I knew some of them, and then we had a further conversation, which was to this intent: I said, 'You will understand, before I commence with you, Miss Mather, that I have the entire sole control of the stage,—not to be a manager in name, to ring up the curtain, but I must be responsible for everything. I must be the stage director, not alone in name, but in act.' She agreed with me perfectly. That was thereupon settled, and we arranged for a call of the whole company. She told me when to call them. I mean by that that the stage manager puts up a notice, stating that there will be a rehearsal at such and such a time, on such and such a date, for everybody, and in pursuance of that arrangement I called the company. I did. I signed it with my own name, as stage manager for Margaret Mather, and the company met. And after that I went on, and continued to render services as stage manager of the company every day up to the opening night, which was, I think, September 8th; and after that I continued every day up to December. From the time of the opening of the season, in September, until December, the company visited many places, and performed in different places. In December we were performing at the Fifth Avenue Theater. I was paid up to December regularly. Mr. Willoughby paid me at the beginning."

And that he was discharged without cause on December 8, 1890.

The plaintiff should not have been nonsuited, for his proof shows that Miss Mather employed him as the stage manager of her dramatic company; that the terms of his employment were for her season of 1890-91, which commenced in August, 1890, and ended in May, 1891, and that the rate of his compensation was fixed at $75 per week; that he entered upon the performance of such employment in August, 1890, and continued the same to December 8, 1890, for which he was paid $75 per week by her manager; that he was then discharged, without cause; and that he is entitled to recover $75 for each of about 20 weeks remaining of the term of his employment. Judgment reversed, and new trial granted, with costs to appellant, to abide the event.