(6 Misc. Rep. 528.)

### KIRWAN et al. v. BYRNE.

(City Court of New York, General Term.   January 18, 1894.)

SALE—CONTRACT—OFFER AND ACCEPTANCE.
   Defendant offered to sell to plaintiffs a quantity of coke tins at a certain price.   Plaintiffs replied, "We accept your offer, if full-weight plates." *Held,* that the reply, being qualified, was not such an acceptance of defendant's offer as to constitute a contract.   McCarthy, J., dissenting.

Appeal from trial term.

Action by Edgar F. Kirwan and others against Edward F. Byrne. From a judgment in favor of plaintiffs, defendant appeals.   Reversed.

Argued before FITZSIMONS, NEWBURGER, and McCARTHY, JJ.

T. C. E. Ecclestine, for appellant.

Shepard, Terry, McKelvey & Prentiss, for respondents.

NEWBURGER, J. This is an appeal by defendant from a judgment for plaintiffs entered upon a verdict directed by the court, and from an order denying a motion to set aside said verdict. The complaint is for damages for breach of a contract by defendant to sell and deliver to plaintiffs 1,500 boxes of coke tins. The answer alleges that no contract whatever was made, although certain negotiations looking towards the making of one took place between the plaintiffs and the defendant, in which the defendant was not a principal, but an agent and broker for others. Defendant is a metal broker, which fact was known to the plaintiffs. On May 16, 1891, he wrote plaintiffs the following letter:

"New York, 16th May, 1891.

"To Messrs. Kirwan & Tyler, Baltimore—Gentlemen: I can offer you, subject to prior sale, 1,500 boxes, i. e. 14x20, Bessemer steel coke tins, for June delivery at Locust Point, at $4.95, cash on delivery. This is a very low price, but having offered them to other parties, and having only a limited quantity to sell, I can only offer them to you subject to prior sale.

"Yours, very resp'ly,                                    Ewd. F. Byrne."

And plaintiff replied by telegram, May 18, as follows:

"Baltimore, May 18th, 1891.

"Mr. E. F. Byrne, 54 Cliff street, New York: We accept your offer 16th, if full-weight plates.                                    Kirwan & Tyler."

Was the reply by the plaintiffs such an acceptance of defendant's order as to constitute a contract? The offer was explicit, and if the answer of the plaintiffs had ended after the word "16th" a contract would have been made between the parties. The answer by plaintiffs, however, was a qualification of their acceptance, to wit, "if full-weight plates." This qualification left the transaction in such a state that, if the plaintiffs did not find the plates full weight, they were at liberty to refuse to accept them. It made the acceptance depend upon facts not contained in defendant's proposal. To create a binding contract by correspondence, the law required the offer to be accepted by the party to whom it may be made as it shall be contained in the offer itself. An offer of a bargain by one person to another implies no obligation upon the former until it is accepted by the latter according to the terms in which it was made. Until the terms of the agreement have received the assent of both parties, the negotiation is open, and imposes no obligation upon either. Mayer v. McCreery, 9 N. Y. St. Rep. 114, affirmed in 119 N. Y. 434, 23 N. E. 1045; Brown v. Railroad Co., 44 N. Y. 79. The subsequent correspondence between the parties made no change, of benefit to the plaintiffs. For these reasons the judgment must be reversed, and a new trial ordered, with costs to defendant to abide event.

FITZSIMONS, J., concurs.

McCARTHY, J. I cannot concur with my associates. I think this does constitute a contract, but think the action ought to be brought against the principal.