(15 Misc. Rep. 453.)

WALTON v. MATHER.

(City Court of New York, General Term. January 28, 1896.)

JUDGMENT—RES JUDICATA—MISTRIAL.
    Rulings as to the admission or exclusion of evidence are without force or effect as to either party, where there was a mistrial.

Appeal from trial term.

Action by Henry E. Walton against Margaret Mather.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before FITZSIMONS and BOTTY, JJ.

Dittenhoefer, Gerber & James, for appellant.

Nathan Lewis (Samuel G. Adams, of counsel), for respondent.

BOTTY, J.   This action was brought by the plaintiff for damages for breach of a contract of hiring, in discharging the plaintiff, without cause, before the termination of such contract.   On a former trial of this action, upon facts somewhat similar to those adduced upon the last trial, now before us for review, the plaintiff was nonsuited, and an appeal taken to the general term of this court from the judgment entered in favor of the defendant upon such nonsuit. The court, after an elaborate and careful review of the facts before it, reversed the said judgment, and granted a new trial.   Walton v. Mather, 4 Misc. Rep. 261, 24 N. Y. Supp. 307.   It was there held that the memorandum relied on by the plaintiff, bearing date the 12th day of June, 1890, standing alone, was not a contract, because, by its terms, it was subject to conditions and regulations to be thereafter agreed upon by the parties; that those conditions and regulations could be waived or agreed upon by the parties orally; that the proofs in regard to the authority of Mr. Willoughby to act as the agent of the defendant, and in regard to the question of the waiver of the conditions and regulations on the part of the defendant prescribed in said memorandum, together with the other questions in the case, were sufficient for submission to the jury; and that it was error to nonsuit the plaintiff.   We see no reason for dissenting from the views then entertained by the appellate branch of this court.

The question of res adjudicata, raised by the defendant on this appeal,—viz. that on the second trial of this action the trial justice excluded proof offered by the plaintiff of an alleged conversation or interview claimed by the plaintiff to have been had with the defendant in August, 1890, whereby the plaintiff sought to establish the fact that the defendant had waived the conditions and regulations prescribed in the memorandum of June 12, 1890, and accepted the remaining part of said memorandum as the original contract between the parties,—cannot avail the appellant in this instance, because of the fact that the trial justice, after making such ruling, allowed a juror to be withdrawn, with leave to plaintiff to apply at special term to amend his complaint.   This, therefore, was but a mistrial, and any ruling as to the admission or exclusion of evidence during the course of such trial is of no binding force and effect upon either party.   By reason of the withdrawal of the juror, the case was left in the same condition in which it stood before the commencement of said trial.   The questions of law and fact, as presented by the record on this appeal (with the above exception), being almost identical with those presented on the former appeal, we therefore think that the case was properly submitted to the jury, and that the verdict rendered should not be disturbed.

Judgment and order appealed from affirmed, with costs.