(57 App. Div. 527.)

## BRUBAKER v. JAMES.

(Supreme Court, Appellate Division, Fourth Department. January 29, 1901.)

LANDLORD AND TENANT—LEASE—CONTRACT—ACCEPTANCE—WHAT CONSTITUTES.
Defendant, living in New Orleans, advertised for a furnished flat or house, for two or three months, which plaintiff's wife in Buffalo answered, describing their furnished flat, saying that it was within two blocks of a certain park and another place, which they would rent to proper tenants at $35, payable monthly in advance. Defendant replied that if she took the home it would be returned in the same condition as received, and she would be willing to pay rent monthly in advance, and, being anxious to get away from the heat, asked plaintiff's wife if reference was satisfactory, and she still desired defendant as a tenant, to telegraph the earliest possible date of giving possession, and saying that she would want the flat until October 1st. Plaintiff's wife telegraphed that the flat would be ready July 1st. Defendant did not take the flat on arriving, learning that it was several blocks from the place represented, and in a locality objectionable to her. *Held*, in an action for the rent which would have accrued, that the correspondence did not constitute a contract, since defendant did not accept plaintiff's proposition.

Appeal from municipal court of Buffalo.

Action by Everett E. Brubaker against Mrs. S. L. James. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Carlton E. Ladd, for appellant.

George C. Riley, for respondent.

LAUGHLIN, J. The plaintiff has recovered in this action for one month's rent of his furnished flat, No. 502½ Niagara street, Buffalo, N. Y., which the complaint alleges defendant leased for three months from July 1, 1900, but failed to take possession of or occupy. An answer was interposed containing a general denial. The defendant, a resident of New Orleans, advertised in the Buffalo Morning Express, June 10, 1900, "for a furnished flat or house on the west side to rent for two or three months. Three bedrooms required. Apply, with full particulars, to Mrs. S. L. James, No. 3004 Prytania street, New Orleans, La." Plaintiff's wife, in his behalf, replied thereto by mail on the same day, describing said flat, its furnishings, location, and advantages, and saying that "it is within two blocks of Ft. Porter and the Lake Front, one of Buffalo's most popular parks," and that they would rent "for $35, payable monthly in advance," but would be particular as to tenants, on account of its being their home, and never having been rented before. Defendant replied by letter on June 19th, stating of whom her family consisted, and giving as a reference the name of a woman residing near plaintiff, with whom defendant and her children had previously boarded, and saying:

"If I took your home, I would endeavor to return everything in the same condition as received. My children are not destructive on furniture, and any home I would rent I feel sure would be returned in as good condition as received. I am willing to pay the rent monthly in advance. It is needless to ask if all arrangements of house is sanitary. I suppose, of course, that would be necessary. I like how you speak of your flat, and think it would be com-

fortable and homelike. I do not wish to take anything pertaining to house-keeping with me, for my articles are in use upon our plantation. We have friends in Buffalo, and it is so hot here that I want to get the children to a cooler climate with as little delay as possible. So upon receipt of this, and if reference about us is favorable, and you should still desire us as tenants, will you kindly telegraph me C. O. D., naming earliest possible date that we can have possession; for I hope to leave in about a week from now,—possibly a little less than a week. If you have a trustworthy cook (general maid), I would very likely retain her, if you do not wish to take her with you. Assuring you again that the children will certainly not prove destructive tenants, I am, very sincerely yours,          Mrs. S. L. James.
    "June 19.
    "I would want your flat until October 1st, for it is too warm to return South before then."

A day or two after receiving this letter, plaintiff's wife telegraphed defendant: "Flat ready July 1st. Wire at once date you reach Buffalo." Defendant did not reply to this telegram, but with her children arrived in Buffalo on June 27th, and went to her former boarding house. Having been there informed that her letter was regarded by plaintiff's wife as an agreement to take the flat, she called on the latter that evening, and disclaimed such intention. To this plaintiff's wife replied that defendant's letter was understood to be an acceptance, if satisfactory to plaintiff. Defendant was quite familiar with that part of the city within two blocks of the park known as the Front and Ft. Porter, and, on account of the ill health of her children, she looked upon that locality with favor. After coming to Buffalo, she ascertained that plaintiff's flat was four blocks from the Front, and six or seven from Ft. Porter, and that there were saloons in its immediate vicinity, which, on account of her children, she deemed objectionable. Defendant did not state these objections at the interview on June 27th, but the next day she set them forth in a letter to plaintiff's wife, adding that she had been misled as to the location of the flat. On the day following, plaintiff's attorney wrote defendant, in substance, that she had leased the flat, and it was at her disposal from July 1st, and that he was authorized to collect the rent. The foregoing is all the material evidence.

We are of opinion that plaintiff failed to establish a definite, unconditional agreement on the part of defendant to lease his premises, and that she incurred no liability to pay rent therefor. The correspondence fails to show that the minds of the parties met so as to constitute a binding contract. There was no acceptance by defendant of plaintiff's proposition. Mahar v. Compton, 18 App. Div. 536, 45 N. Y. Supp. 1126; Templeton v. Wile (Com. Pl.) 3 N. Y. Supp. 931; Refining Co. v. Towle (Sup.) 13 N. Y. Supp. 520; Mayer v. McCreery, 119 N. Y. 434, 23 N. E. 1045.

It follows, therefore, that the judgment should be reversed, with costs to appellant. All concur, except McLENNAN, J., not voting.