### MULLER v. IDLER.

(Supreme Court, Appellate Division, Second Department.    May 12, 1908.)

SALES—MEETING OF MINDS—CONTRACT NOT CONSUMMATED.

No· contract was made, where the parties provided in writing for a
sale of a business for $10,750 and $500 was paid in cash, it being stipu-
lated that $3,000 should be paid on a specific date and that the time for
payment of the balance should be agreed upon later, and they never
reached such agreement.

Appeal from Municipal Court, Borough of Manhattan, Fifth Dis-
trict.

Action by William F. Muller against Frederick Idler.   From a judg-
ment for plaintiff, defendant appeals.   Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAY-
NOR, JJ.

James A. Nelson, for appellant.
Michael F. O'Brien, for respondent.

PER CURIAM.   This is an appeal from a judgment of the Mu-
nicipal Court for the plaintiff, in his action to recover $500 paid
towards the purchase of certain business, including a lease.   On Oc-
tober 24, 1906, the plaintiff and defendant made the following writing:

"New York, October 24, 1906.

"This will certify that Mr. Muller has paid me by check ($500) five hundred
dollars this day on account of my place, known as 'Idler's Restaurant,'
formerly 'Freschman's,' next to Luna Park, for the amount of ten thousand
seven hundred and fifty dollars.   Three thousand ($3,000) to be paid October
27th.   Balance to be agreed upon later.   This sale includes open goods only
used over the bar."

It seems that the plaintiff paid the $500 called for by the memoran-
dum, but never paid the $3,000.   The parties never came to any agree-
ment as to the balance of $7,250.   It does appear that they met and
negotiated, but their minds never came to a point on the question as to
the payment of the balance.   It seems to us, then, that there was not
any contract between the plaintiff and defendant.   Mayer v. McCreery,.
119 N. Y. 435, 23 N. E. 1045.

The point is made that the writing is a sufficient contract, because
it was incumbent upon the plaintiff to show that he attempted to reach
an agreement with the defendant as to the terms of the payment of
the balance.   But there was no sufficient proof of bad faith, even if
such a principle is to be admitted.

The judgment is affirmed, with costs.