MORTON v. BROADWAY–CLAREMONT CO., Inc.

(Supreme Court, Appellate Term, First Department. May 16, 1916.)

NEW TRIAL ☞108(3)—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY—CONTRACTS.

After judgment for plaintiff in action for wrongful discharge under an alleged oral contract of employment, newly discovered evidence in deposition of plaintiff at his examination as judgment debtor in supplementary proceedings shortly after employment, indicating no definite contract as to employment, required a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 226; Dec. Dig. ☞108(3).]

Guy, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Henry B. Morton against the Broadway-Claremont Company, Incorporated. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Order reversed, judgment vacated, and new trial ordered.

See, also, 92 Misc. Rep. 355, 156 N. Y. Supp. 814.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Abraham J. Bernstein, of New York City (Ira Skutch and Herbert H. Maass, both of New York City, of counsel), for appellant.

Engel Bros., of New York City (J. B. Engel, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff recovered a judgment for a wrongful discharge, involving the breach of an oral agreement for the term of one year at $50 a week. The plaintiff's testimony at the trial, concerning the employment made on February 21, 1915, was as follows:

"Naturally the question came up about the time how long I was to be hired. I said, 'One year.' After one year, he said, 'If the business is successful, I will give you a few hundred dollars more, probably $500, because I think you can do the work and make money for us.' Q. That was after you said you

wanted $3,000? A. Yes; * * * I said: 'I will tell you what I will do; I will go to work; get right in, and settle right now, for $50 a week.' "

Plaintiff was discharged on April 14th. The newly discovered evidence is contained in the examination of the plaintiff as a judgment debtor in supplementary proceedings held March 10, 1915, less than three weeks after the alleged employment. Plaintiff's deposition on that examination contains the following passages:

"The Broadway-Claremont * * * employed me. * * * I have no written contract; only a verbal contract with the Broadway-Claremont Company. I draw $50 per week, and at the end of six months we have an accounting. I took charge of this place without making any definite arrangements as to what I shall receive, as far as commission goes, outside of my drawing account."

The existence of this deposition was not discovered by the defendant until after December 18, 1915, namely, a month and a half after the trial. The plaintiff's testimony on the trial and his statement in the deposition are materially at variance. At the trial he testified to an agreement whereunder his compensation was $2,500 per annum and nothing more. The only reference to any additional amount was plainly as to a possible increase of salary at the end of that year and for the ensuing year. Of course, it might be said that at the trial the plaintiff had omitted to refer to the possibility of any additional compensation by way of a percentage of the profits on an accounting, because he was then making no claim to the latter, and a reference thereto might well have been regarded by him as immaterial. The seriousness of the deposition, however, lies in the fact that, if the contract were as he there described it, then it was so incomplete as not to be binding. That principle is clearly laid down in an exceedingly similar case, namely, Petze v. Morse Dry Dock Co., 125 App. Div. 267, 109 N. Y. Supp. 328. See also Varney v. Ditmars, 217 N. Y. 223, 111 N. E. 822, and Mayor v. McCreery, 119 N. Y. 434, 23 N. E. 1045.

Under these circumstances it is not merely a question whether the variance between the two statements might have a material bearing upon the jury's belief in the witness' credibility and upon its faith in the testimony given by him at the trial; but it is plain that, if the truth be found by the jury to be as recited in his deposition, plaintiff must necessarily fail as a matter of law. The order appealed from must therefore be reversed, and this deposition also requires a vacation of the judgment.

Order reversed, judgment vacated, and a new trial ordered, with costs to the appellant to abide the event.

COHALAN, J., concurs. GUY, J., dissents.