# Pennsylvania Lubricating Co., Appellant, *v.* Wilhelm.

*Contracts—Meeting of minds—Invalid contract—Sale by sample.*

1. Where a sale is made in writing "subject to approval of sample drawn from bulk" and no sample is submitted by the seller to the purchaser, no contract exists between the parties.

2. Where the minds of the parties have not met on the quality of a commodity offered for sale, no valid contract exists between them.

3. If a contract be invalid because incomplete, it is not made valid by the neglect or refusal of one party thereto to do that which would enable the other party at his option to render it complete.

Argued Oct. 17, 1916. Appeal, No. 142, Oct. T., 1916, by plaintiff, from judgment for defendant of C. P. Allegheny Co., July T., 1916, No. 1036, in case of Pennsylvania Lubricating Company v. Walter J. Wilhelm, Guardian of the Estate of Henry Wilhelm. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on an alleged contract for the sale of grease. Before REID, J.

The facts in the case appear in the opinion of the Supreme Court.

The court below, being of opinion that the question of law raised by defendant's affidavit of defense filed under Section 20 of the Practice Act of May 14, 1915, P. L. 483, presented a good defense to the plaintiff's whole claim. entered judgment for the defendant. Plaintiff appealed.

*Error assigned* was the entry of judgment for the defendant.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* for appellant.—The contract in this case is the conventional sale on approval.   Such a contract is valid in Pennsylvania: Singerly v. Thayer, 108 Pa. 291; Seeley v. Welles, 120 Pa. 69; Howard v. Smedley, 140 Pa. 81; Stutz v. Loyalhanna Coal & Coke Co., 131 Pa. 267; Delahunty Dyeing Mach. Co. v. Penna. Knitting Mills, 19 Pa. Superior Ct. 501; 27 Pa. Superior Ct. 433.

*R. B. Ivory,* of *Ivory & McKay,* for appellee.—There was no actual contract.   There must be nothing left for future negotiations: Clements v. Bolster & Sons, 6 Pa. Superior Ct. 411.

No contract can be enforced unless both its subject-matter and consideration are clearly defined: Briggs v. Morris, 244 Pa. 139.

If a written agreement lacks any of the essentials necessary to make it a complete contract, it is void: Safe Deposit & Trust Co. of Pittsburgh v. Diamond Coal & Coke Co., 234 Pa. 108.

OPINION BY MR. JUSTICE WALLING, January 8, 1917:

This is an action by the vendee to recover damages for the breach of an alleged contract for the sale of two tank cars of Extraction Grease.   The contract is evidenced by a letter from defendant to plaintiff of October 9, 1915, as follows:

"Subject: Extraction Grease.

"Reverting to telephone conversation with our Mr. Walter J. Wilhelm, who is now East, we confirm sale of—

"2 tank cars Extraction Grease at $4.54 per cwt.

"Terms, 10 days net cash, f. o. b. Pittsburgh, which, in accordance with agreement, is subject to approval of

type sample drawn from bulk, which will be submitted immediately upon receipt from the plant involved.

"We highly appreciate this item of business and you may rest assured that every effort will be made upon our part to meet your entire approval at all points."

And to which plaintiff replied October 11, 1916, as follows: .

"Please ship the following goods f. o. b. Pgh.

"2 tank cars Extraction Grease.

"Price $4.54 cwt. Pittsburgh.

"The above subject to approval of sample drawn from bulk, when submitted."

Plaintiff's statement avers inter alia, that defendant never delivered said grease nor any part thereof, nor submitted any sample of it, and, on April 29, 1916, notified plaintiff that he would not perform said contract; whereupon plaintiff on May 10, 1916, after notice to defendant, bought a like quantity of such grease in the open market, and brings this suit to recover the loss thereby sustained. To which defendant filed an affidavit of defense, in the nature of a demurrer, under Section 20 of the Practice Act of May 14, 1915, P. L. 483; alleging among other things that said correspondence did not constitute a valid contract. The court below sustained the demurrer and entered judgment for defendant.

. The contract was lacking in one essential particular, the minds of the parties had not met on the quality of the commodity, as that was to be determined by sample thereafter to be submitted for plaintiff's approval. Until such approval there was no completed agreement. Should plaintiff disapprove the sample drawn from bulk there would be no sale. There is nothing requiring defendant to submit samples from successive tank cars until two were found that would meet plaintiff's approval.

This stipulation in the letters indicates that there are different grades of extraction grease, or at least that the quality thereof varies, hence the contract was subject to

plaintiff's approval of the sample. It is somewhat like an agreement for the sale of lumber, subject to the buyer's approval of a sample thereof to be submitted. In such case the approval is the act whereby the parties agree upon the quality of the commodity, and until that is done it cannot be said that the bargain is closed. In the case at bar the plaintiff never waived the production of a sample, and never agreed to accept extraction grease without reference to the quality.

This is not the case of a sale of property subject to the buyer's inspection when delivered, if so the contract would be valid: Conrad v. Penna. R. R. Co., 214 Pa. 98. Nor is it an agreement that the article sold should be satisfactory to the buyer; but it is an agreement that as part of the sale and in advance of the delivery of the commodity its quality shall be determined by the purchaser's approval of the sample. Certainly defendant could not compel plaintiff to accept the grease without its previous approval of a sample thereof.

Defendant's letter showing that the grease in question was not in his possession, before he would be liable if at all for not furnishing plaintiff with a sample thereof it should appear that such failure was due to some default on his part. And it is not shown that plaintiff would have approved such sample had it been furnished, or what if any damage it sustained by losing the opportunity of deciding whether it would accept or reject the sample. If a contract be invalid because incomplete it is not made valid by the neglect or refusal of one party thereto to do that which would enable the other party at his option to render it complete. And if the contract be still invalid there is no basis for a recovery of damages because of defendant's neglect to furnish the sample in question.

The assignment of error is overruled and the judgment is affirmed.