## Weimer et al. *v.* Keiper, Appellant.

*Contract—Sale—Certainty of terms—Right of inspection—Evidence—Oral testimony to vary written agreement—Damages—Act of May 19, 1915, P. L. 543.*

1. A contract to sell Christmas trees is not void for uncertainty where it is shown that there are only two varieties of such trees, either of which would satisfy the terms of the contract.

2. A contract of sale is not void because the vendees reserve the right to inspect before payment. Such right is given to the vendees under section 477 in the Sales Act of May 19, 1915, P. L. 543, 556.

3. A party to a written contract cannot reform it on his own uncorroborated testimony, opposed by the terms of the contract and the positive testimony of the other party.

4. A written contract cannot be varied except by clear, precise and indubitable proof.

5. It seems that damages should be based on the market value of the less expensive variety of trees.

Argued January 12, 1923. Appeal, No. 226, Jan. T., 1923, by defendant, from judgment of C. P. No. 1. Phila.

Co., Dec. T., 1919, No. 1761, on verdict for plaintiffs, in case of William Weimer and Charles Weimer v. Jess Keiper. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract. Before SHOE-MAKER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $3,300. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Roy Martin Boyd,* with him *J. Claude Bedford,* for appellant, cited: Penna. Lubricating Co. v. Wilhelm, 255 Pa. 390.

*M. H. Reinheimer,* with him *David Phillips,* for appellees, cited: Irwin Gas Coal Co. v. Coal Co., 270 Pa. 443; Conard v. R. R., 214 Pa. 98; Sloan Corp. v. Linton, 260 Pa. 569; Dalmas v. Kemble, 215 Pa. 410.

OPINION BY MR. JUSTICE WALLING, February 12, 1923:

This action is for breach of a contract for the sale of Christmas trees. On September 24, 1918, William Weimer and Charles Weimer, the plaintiffs, and Jess Keiper, the defendant, entered into a written contract as follows: "Philadelphia, Sept. 24, 1918. Mr. Jess Keiper has agreed to shipp 10 car of Christmas tree to William & Charles Weimer for the sum of $325.00 a carload, to arrived at 12th and Indiania Ave. the Phila. & Reading Railroad, befor the 25th day of December, 1918. I William Weimer have agreed to pay the mony as soon as we see that they are all right. [Signed] William Weimer. Jess Keiper." The defendant, although demand was duly made upon him, neglected and refused to deliver the trees or any of them to the plaintiffs, who thereupon brought

this suit for breach of contract. The trial resulted in a verdict for plaintiffs, on which judgment was entered, and defendant has appealed.

It is urged for appellant that the contract is void for uncertainty, as it fails to specify the particular variety or species of trees embraced therein, while the evidence shows there are two varieties of such trees, viz: spruce and balsam. We cannot agree with this contention. Christmas trees are so well known as to require no further description, and defendant could have filled this contract by either or both varieties, provided only that they were merchantable Christmas trees. The general language of the contract, therefore, rendered it less burdensome to the defendant. Nor is the contract void because the vendees reserved the right to inspect the trees before payment. Such right is expressly given by section 47 of the Sales Act of May 19, 1915, P. L. 543, 556. Moreover, a vendee's express reservation of the right of inspection does not affect the validity of a sale contract: Conard v. Penna. R. R. Co., 214 Pa. 98; Sloan Corporation v. Linton et al., 260 Pa. 569. The instant case is not analogous to Pennsylvania Lubricating Co. v. Wilhelm, 255 Pa. 390, where the contract was to be closed on the vendee's approval of samples drawn from bulk.

Defendant also contends that by the contract as verbally agreed upon he was to deliver the trees only in the event that he was able to do so, which, by reason of sickness and inability to secure laborers, he was not, and that plaintiff, William Weimer, who reduced the contract to writing, omitted that provision therefrom. Without stopping to consider the competency of parol evidence to so change a written contract, in the absence of fraud, accident or mistake, it is apparent that the evidence here is wholly insufficient for that purpose. What defendant seeks is the reformation of a written instrument on his own uncorroborated and improbable testimony. opposed by the contract and by the positive

testimony of the plaintiff, William Weimer. In such case the writing must stand; for a man cannot impeach his genuine written obligation by his own uncorroborated testimony: Fuller v. Law, 207 Pa. 101; Kline v. Fitzgerald Bros., 267 Pa. 468, 471, 473, and cases there cited. Furthermore, defendant's own testimony is neither clear, precise nor indubitable and falls far short of what would justify a chancellor in reforming the contract.

The facts, that defendant had a duplicate copy of the contract from the day of its execution and made no complaint of any omission therefrom until this controversy arose, that the market value of Christmas trees, meantime, had more than doubled, and that defendant and his son shipped several carloads of such trees to Philadelphia that season which they sold at greatly enhanced prices, tend to throw doubt upon the good faith of the defense.

The trial judge protected defendant's interests by having the damages assessed on the basis of the market value of the less expensive variety of trees and in all respects gave him a fair trial.

The judgment is affirmed.