BELT *v.* NEVINS ET AL.

[No. 14,234. Filed January 29, 1932.]

E. L. Swadener and John Walton, for appellant.

McFaddin & McFaddin, for appellees.

KIME, J.—The question presented in this appeal depends upon the construction of that part of a certain written contract signed by Eva Nevins, John C. Belt and John R. Nevins, which was in settlement of matters growing out of litigation in which the parties had been engaged. The part of the contract that this court is called upon to construe is as follows: "It is further agreed that John C. Belt proceed diligently and without delay and shall within 18 months from this day find a purchaser or purchasers for the remaining timber, so that the timber will be removed within that time, in parcels, by species or as a whole, as is found most practicable for the best price he can obtain therefor. When purchaser or purchasers are found then sales and settlements are to be made by John C. Belt and John R. Nevins, jointly and in no other way."

The complaint, among other things, alleges that there still remains on the said real estate timber of the probable value of $5,000; that the plaintiff had buyers for this timber at $5,000, that the plaintiff could have and would have *sold* the same to prospective buyers if the defendants had not interfered and prevented the plaintiff from showing and *selling* the timber for $5,000, and that the defendants had refused to permit the plaintiff to enter upon said real estate and refused to permit the plaintiff to sell or show timber to prospective buyers, whom the plaintiff had obtained, to his damage in the sum of $5,000, wherefore, he prays judgment, etc.

Demurrers to this complaint for want of facts were filed and sustained by the court, and the sustaining of these demurrers is the only error assigned in this appeal.

The essential parts of this contract are that the plaintiff shall find purchasers for the best price he can obtain, and that sales and settlements are to be made by John C. Belt and John R. Nevins jointly and in no other way.

It is our opinion that the phraseology of this contract is such that it merely gives appellant an option to procure purchasers for the timber within a given period of time and for the best price he can obtain. A reasonable and natural construction would be that, when appellant has presented such prospective purchasers to appellee, then sales and settlements are to be made by them *jointly* and in no other way. We are unable to find any provision in the contract whereby appellant is empowered or authorized to make sales himself, as he virtually alleges in his complaint. We do not believe that any fair or equitable application of legal principles would permit us to say that the phrase "for the best price he can obtain," as used in this contract, should be so construed as to authorize appellant to be sole judge as to what price the timber should be sold. It merely set a standard by which appellant was to be governed in his search for purchasers. No specific price for the timber was agreed upon, and it appears from the contract that the parties intended, in all probabilities, that the price be agreed on jointly when sales and settlements were made. The matter of an actual sales price appears to have been reserved for future determination. It has been held that, although a promise may be sufficiently definite when it contains an option given to the promisor or promisee, yet if something is reserved for the future agreement of both parties, the promises can give rise

to no legal obligation until such future agreement. Since either party, by the very terms of the promise, may refuse to agree to a price to which the other party will agree, it is impossible for the law to affix any obligation to such a promise. *Gunn & Co.* v. *Newcomb* (1891), 82 Iowa 468, 48 N. W. 989; *Mayer* v. *McCreery* (1890), 119 N. Y. 434, 23 N. E. 1045; *Holtz* v. *Olds* (1917), 84 Ore. 567, 164 Pac. 583; *Pennsylvania Lubricating Co.* v. *Wilhelm* (1917), 255 Pa. 390, 100 Atl. 93.

For the reasons above set out, it is our opinion that the complaint wholly failed to state a cause of action against the appellees and the court properly sustained demurrers thereto.

The judgment of the Parke Circuit Court is affirmed.