■ PENBERTHY ELECTROMELT COMPANY, Respondent-Appellant, v. REXALL DRUG & CHEMICAL COMPANY, Appellant-Respondent.— GABRIELLI, J. Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered March 16, 1967 in Chemung County, upon a special verdict. Defendant also appeals from an order entered May 26, 1967, which denied its motion to set aside the verdict. The plaintiff, a company involved in research in the use of electricity in the melting of glass, developed an electric booster melting system for glass furnaces which modified the traditional method of burning fuels to melt glass by which some of the required heat is supplied by electricity. Upon learning of plaintiff's development, defendant's predecessor, Thatcher Glass Manufacturing Company, invited plaintiff to investigate the use and installation of this system in its furnaces which explorations culminated in an agreement entered into by the parties in January, 1954 in and by the terms of which, plaintiff would install such a system in one of Thatcher's furnaces at Jeannette, Pennsylvania (known as McKee No. 5). The contract provided plaintiff would be paid $20 per kilowatt of power used and further that Thatcher was " not to make similar installations in other tanks without making suitable arrangements " with plaintiff. Several months later a like installation was requested for a furnace in Thatcher's Elmira Plant (known as Elmira No. 3) and provision was made for the same payment to plaintiff and the contract for this installation contained a clause similar to that for McKee No. 5, providing that there would not be any " similar installation in any other tank without making suitable arrangements " with plaintiff. Sometime thereafter plaintiff discovered that Thatcher had installed the electric booster melting systems in six other of its furnaces. Defendant has succeeded to the rights and obligations of Thatcher. Plaintiff has recov-

ered judgment for breaches of the two agreements of 1954 which dealt with the installations in McKee No. 5 and Elmira No. 3. Defendant advances the argument that plaintiff cannot recover damages because of the additional six installations made on the theory that the provisions in the two contracts specifying that no similar installations would be made in any other tank "without making suitable arrangements" with plaintiff, were agreements to agree and, therefore, there was no enforceable contract relating to these additional six installations. We are unable to agree with this contention. While it is true, as appellant points out, that if contracting parties leave a material element of an agreement to be determined in the future, such a contract is unenforceable (*Wilmott* v. *Giarraputo*, 5 N Y 2d 250; *Varney* v. *Ditmars*, 217 N. Y. 223; *Mayer* v. *McCreery*, 119 N. Y. 434), it must be remembered that suit was here brought *not* on any contracts for these six additional installations, but for a breach of the two written agreements which clearly provided that no additional similar installations would be made. It is obvious that, in order to obtain the benefit of plaintiff's research, development and process, appellant's predecessor was willing to pay the contract price for the first two installations *and also* forbear any future installations. Any damage plaintiff has been caused flows directly from the breach of the two quoted agreements; and the record substantiates the damages as found by the jury. This is especially true in view of appellant's specific request to charge, acceded to by the court, that if the jury "find the plaintiff is entitled to such damages that the damages should be the fair and reasonable value of the idea or disclosure which the plaintiff made"; and the damages as found find support in the record, there being uncontroverted evidence of value of the process and, furthermore, of the losses sustained by the plaintiff resulting from the breaches of the agreements here involved. Plaintiff has cross-appealed claiming it is entitled to damages for an installation in another furnace (known as McKee No. 4) in 1955 but the record shows that plaintiff failed to move for judgment on this item and in its colloquy with the court following the jury verdict, conceded it was not entitled to recover for this installation, as, indeed, it was not. Judgment affirmed, with costs to respondent-appellant. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.